**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ROMOFF; JOE SICILIANO, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>GENERAL MOTORS LLC,<br><br>        Defendant-Appellee. | No.   22-55170<br><br>D.C. No.<br>3:21-cv-00938-WQH-BGS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted December 6, 2022
Pasadena, California

Before: KELLY,** M. SMITH, and COLLINS, Circuit Judges.

    Plaintiff-Appellants Robert Romoff and Joe Siciliano (together, "Plaintiffs") appeal the district court's order granting Defendant-Appellee General Motors LLC's ("GM") motion to dismiss their class action complaint. We have

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

We assume the parties' familiarity with the record. We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), taking all allegations of material fact as true and construing the facts in the light most favorable to the plaintiffs. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020).

The complaint asserted violations of the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200–17210, California Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750–1784, and New Jersey Consumer Fraud Act (NJCFA), N.J. Stat. Ann. § 56:8-1, and also brought claims of unjust enrichment. ER 103–20. Deceptive conduct is required to state a claim for relief under the relevant provisions of both California and New Jersey law. Under California law, the standard is whether a reasonable consumer is likely to be deceived. *Patricia A. Murray Dental Corp. v. Dentsply Int'l, Inc.*, 227 Cal. Rptr. 3d 862, 873 (Cal. Ct. App. 2018). Under New Jersey law, the standard is whether the average consumer would be misled. *Union Ink Co. v. AT&T Corp.*, 801 A.2d 361, 379 (N. J. Super. Ct. App. Div. 2002).

Plaintiffs argue the district court erred by not considering *McKell v. Washington Mutual, Inc.*, 49 Cal. Rptr. 3d 227 (Cal. Ct. App. 2006) in determining whether their complaint alleged deceptive conduct. We disagree. Plaintiffs have not plausibly alleged deception, and *McKell* is inapposite. In *McKell*, the court

allowed a UCL case to proceed where the plaintiffs attempted to obtain a home loan from a bank that itemized a series of fees and charges without disclosing that the amounts it paid were substantially less than it charged to plaintiffs. 49 Cal. Rptr. 3d at 234–35. Here, by contrast, the destination fee is charged to the dealers and paid by them to GM, regardless of Plaintiffs' speculative reasoning concerning what is responsible for the makeup of such fees. There is no allegation that GM charged the dealers a lesser amount than is represented to consumers, enabling the dealer to earn a secret profit from consumers. We hold that a reasonable or average consumer would not be deceived by the destination charge underlying each of Plaintiffs' claims. Because there is no deception, the complaint fails to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**AFFIRMED**.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1) Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1) Purpose**
  **A. Panel Rehearing:**
  - A party should seek panel rehearing only if one or more of the following grounds exist:
    - A material point of fact or law was overlooked in the decision;
    - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - An apparent conflict with another decision of the Court was not addressed in the opinion.
  - Do not file a petition for panel rehearing merely to reargue the case.

  **B. Rehearing En Banc**
  - A party should seek en banc rehearing only if one or more of the following grounds exist:
    - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
    - The proceeding involves a question of exceptional importance; or

1

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
    - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to *(party name(s))*:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                                                                 **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10**                                                                 *Rev. 12/01/2021*