UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT ROMOFF and JOE SICILIANO, individually and on behalf of all others similarly situated,,

    Plaintiffs - Appellants,

v.

GENERAL MOTORS LLC,

    Defendant - Appellee.

No. 22-55170

D.C. No. 3:21-cv-00938-WQH-BGS
U.S. District Court for Southern California, San Diego

**MANDATE**

The judgment of this Court, entered January 30, 2023, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Quy Le
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ROMOFF; JOE SICILIANO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant-Appellee. | No.   22-55170 <br><br> D.C. No. 3:21-cv-00938-WQH-BGS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted December 6, 2022
Pasadena, California

Before: KELLY,** M. SMITH, and COLLINS, Circuit Judges.

Plaintiff-Appellants Robert Romoff and Joe Siciliano (together, "Plaintiffs") appeal the district court's order granting Defendant-Appellee General Motors LLC's ("GM") motion to dismiss their class action complaint. We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

We assume the parties' familiarity with the record.  We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), taking all allegations of material fact as true and construing the facts in the light most favorable to the plaintiffs.  *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020).

The complaint asserted violations of the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200–17210, California Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750–1784, and New Jersey Consumer Fraud Act (NJCFA), N.J. Stat. Ann. § 56:8-1, and also brought claims of unjust enrichment.  ER 103–20.  Deceptive conduct is required to state a claim for relief under the relevant provisions of both California and New Jersey law.  Under California law, the standard is whether a reasonable consumer is likely to be deceived.  *Patricia A. Murray Dental Corp. v. Dentsply Int'l, Inc.*, 227 Cal. Rptr. 3d 862, 873 (Cal. Ct. App. 2018). Under New Jersey law, the standard is whether the average consumer would be misled. *Union Ink Co. v. AT&T Corp.*, 801 A.2d 361, 379 (N. J. Super. Ct. App. Div. 2002).

Plaintiffs argue the district court erred by not considering *McKell v. Washington Mutual, Inc.*, 49 Cal. Rptr. 3d 227 (Cal. Ct. App. 2006) in determining whether their complaint alleged deceptive conduct.  We disagree.  Plaintiffs have not plausibly alleged deception, and *McKell* is inapposite.  In *McKell*, the court

2

allowed a UCL case to proceed where the plaintiffs attempted to obtain a home loan from a bank that itemized a series of fees and charges without disclosing that the amounts it paid were substantially less than it charged to plaintiffs. 49 Cal. Rptr. 3d at 234–35. Here, by contrast, the destination fee is charged to the dealers and paid by them to GM, regardless of Plaintiffs' speculative reasoning concerning what is responsible for the makeup of such fees. There is no allegation that GM charged the dealers a lesser amount than is represented to consumers, enabling the dealer to earn a secret profit from consumers. We hold that a reasonable or average consumer would not be deceived by the destination charge underlying each of Plaintiffs' claims. Because there is no deception, the complaint fails to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**AFFIRMED**.